**Sandra L. DAVIS, Plaintiff,**

v.

**FIDELITY TECHNOLOGIES CORP. and Harold Loeblein, Defendants.**

**No. 92–2091–HV.**

United States District Court, W.D. Tennessee, Western Division.

Aug. 17, 1998.

Hite McLean, Jr., Law Offices of Hite Mclean, Jr., Memphis, TN, for Plaintiff.

Frederick J. Lewis, Lewis Fisher Henderson & Claxton, Memphis, TN, Louis P. Britt, III, Ford & Harrison, Memphis, TN, for Defendants.

ORDER ON PLAINTIFF'S MOTIONS FOR BACK PAY FROM JANUARY 1, 1997 AND FOR ADDITIONAL ATTORNEY'S FEES SINCE MARCH 12, 1998

VESCOVO, United States Magistrate Judge.

Before the court are plaintiff's motion filed April 29, 1998, for back pay from January 1, 1997, and her request for an additional attorney's fee for the time her attorney has devoted to this matter since March 12, 1998. These motions were referred to the United States Magistrate Judge for determination.

## BACKGROUND

Plaintiff Sandra Davis filed this employment discrimination lawsuit on January 28, 1992, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* On March 3, 1998, after a bench trail, the court found that Harold Loeblein and Fidelity Technologies Corporation had unlawfully retaliated against plaintiff in violation of 42 U.S.C. § 2000e–3(a) by failing to hire her or recommend her because of EEOC gender discrimination charges she had filed earlier against her previous employer and Loeblein. The court found the conduct of Loeblein reprehensible, but declined to impose personal liability.

## ANALYSIS

### Back Pay and Interest

In the Order entered on March 3, 1998, the court awarded plaintiff back pay in the amount of $134,174.46. This was the exact amount of back pay plaintiff had requested in Exhibit 45 which had been entered into evidence on January 6, 1997, the last day of trial, and reflected back pay through December 31, 1996. The court also ordered Fidelity to offer plaintiff employment as a Tech II, and until such offer was made, pay front pay minus interim earnings. Front pay was ordered for three years if plaintiff was not offered employment.

Plaintiff's motion filed on April 29, 1998, asked the court to find that her entitlement to back pay (or front pay) continued uninterrupted from January 1, 1997, up to March 25, 1998, the date defendant offered

her employment in accordance with the court's Order. [Attached to plaintiff's supplemental memorandum filed on June 11, 1998, is a copy of Louis Britt's letter to Hite McLean dated March 25, 1998, "extend(ing) an offer of employment to Ms. Davis pursuant to the Court's Order."] Defendant contends that since it made a prompt offer of employment after entry of the March 3, 1998 order, plaintiff is not entitled to any front pay or additional back pay, but instead is limited to the amount of damages for back pay through December 31, 1996, as specifically set forth in the March 3 Order.

■ After a hearing, this court finds that the portion of the Order of March 3, 1998, concerning back pay and front pay is ambiguous due to the fact that there was a lengthy delay of approximately fourteen months between the end of the trial and the issuance of the Order. However, the court finds that the Order required defendant to pay plaintiff back pay for the period of time from the date of the violation until the date the order was entered and front pay thereafter until the offer of employment was made.

Based on the proof submitted with the plaintiff's supplemental memorandum filed on June 11, 1998, the court finds that plaintiff is entitled to back pay from January 1, 1997, to March 3, 1998, and front pay thereafter to March 25, 1998, in the amount of $16,238.07. Plaintiff is also entitled to prejudgment interest. The applicable rate of interest is the 52–week treasury bill rate, which was 5.375 percent on July 16, 1998. Thus, the total amount of back pay, front pay, and pre-judgment interest through March 25, 1998, is One Hundred Eighty Thousand Six Hundred Sixty–Nine and ³⁹/₁₀₀ Dollars ($180,669.39), with interest accruing thereon at $26.61 per diem from and after March 25, 1998, until judgment is entered.

*Attorney's Fees and Expenses*

■ On July 1, 1998, the United States Magistrate Judge entered a report and recommendation on plaintiff's request for attorneys fees recommending that plaintiff be awarded $104,295.00 in attorney fees and $4,440.90 in expenses for a total award of $108,735.95 through March 12, 1998. Since that report, plaintiff has received a refund from a court reporter in the amount of $438, which should be deducted from the expenses leaving the total amount of expenses due as $4,002.90.

The court finds that plaintiff's attorney is entitled to an additional fee of Three Thousand Nine Hundred Sixty and no/100 Dollars ($3,960.00) for the time he has devoted to this matter since March 12, 1998. This figure is based on Hite McLean's proof filed in open court on June 26, 1998, and his representations in open court on August 11, 1998, that he has devoted 1.5 hours to this case since June 26, 1998.

## CONCLUSION

IT IS THEREFORE ORDERED that plaintiff be awarded $180,669.39 as the total amount of back pay, front pay, and prejudgment interest, to March 25, 1998, plus interest of $26.61 per day from and after March 25, 1998, until judgment is entered.

IT IS FURTHER ORDERED that plaintiff be awarded a total of $108,255.00 in attorney fees, plus $4,002.90 in expenses. Because the court declined to impose personal liability on Loeblein, only defendant Fidelity Technologies Corporation is liable for the monetary judgment.